**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-1579**

———————————

AMARA CAMARA,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted: August 27, 2008       Decided: October 22, 2008

———————————

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Petition denied in part and dismissed in part by unpublished per curiam opinion.

———————————

Ana T. Jacobs, ANA T. JACOBS & ASSOCIATES, P.C., Washington, D.C., for Petitioner. Jeffrey S. Bucholtz, Acting Assistant Attorney General, Douglas E. Ginsburg, Senior Litigation Counsel, Jeffrey L. Menkin, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amara Camara, a native and citizen of Guinea, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his applications for relief from removal.

Camara first challenges the determination that he failed to establish eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Camara fails to show that the evidence compels a contrary result. Having failed to qualify for asylum, Camara cannot meet the more stringent standard for withholding of removal.[*] Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999); INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).

Next, we uphold the finding below that Camara failed to demonstrate that it is more likely than not that he would be tortured if removed to Guinea. 8 C.F.R. § 1208.16(c)(2) (2008). Finally, we lack jurisdiction to review Camara's challenge to the Board's finding that he did not meet his burden of showing by clear and convincing evidence that he filed his asylum application within

---

[*]Camara claims that the Board erred in declining to consider evidence he submitted with his appeal brief. We find no error in the Board's ruling. See 8 C.F.R. § 1003.1(d)(3)(iv) (2008).

- 2 -

one year of his entry into the United States.  <u>See</u> 8 U.S.C. § 1158(a)(3) (2006); <u>Niang v. Gonzales</u>, 492 F.3d 505, 510 n.5 (4th Cir. 2007).

Accordingly, we deny in part and dismiss in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED IN PART</u><br><u>AND DISMISSED IN PART</u>